UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BRANDON JOSEPH GENTRY, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CAUSE NO. 2:19-CV-482-PPS-JEM |
| | ) |
| HAMMOND POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

Brandon Joseph Gentry, a *pro se* plaintiff, filed a complaint and a petition for leave to proceed *in forma pauperis*. [DE 1, 2.] Because he is trying to file this case free of charge, I must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B). Section 1915(e)(2)(B) applies to prisoner and non-prisoner complaints alike, regardless of fee status. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999).

A document filed *pro se* is to be liberally construed, and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nonetheless, in this case, Gentry's claims were already brought before Judge Moody and disposed of, and are therefore barred by res judicata.

This is not the first time Gentry has sued these two defendants, the Hammond Police Department and the Lake County Sheriff, over the same alleged incident. Gentry

brought the same claims against the same defendants in case number 2:19-cv-400 (N.D. Ind. filed Oct. 18, 2019). Judge Moody dismissed that case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. That case involved similar allegations as this case, that Gentry's nieces were raped by a Hammond police officer and the Sheriff's Department failed to properly investigate the incident. Judge Moody analyzed the merits of the case and reasoned that Gentry could not file a lawsuit on behalf of his nieces, and he failed to state a claim regarding himself because an individual does not have a constitutional right to have his case investigated satisfactorily. [Case No. 2:19-cv-400, DE 3.] Gentry concedes as much, as he checked "yes" to the question "[h]ave you ever sued anyone for these exact same claims?" on his civil complaint. [DE 1.]

Res judicata bars this action because Judge Moody issued a decision which was a final judgment on the merits, with identity of parties and causes of action. *See Palka v. City of Chicago*, 662 F.3d 428, 437 (7th Cir. 2011); *Highway J Citizens Grp. v. U.S. Dep't of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) ("a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."). The defendants are identical in this case. The only thing that is different this time, is that Gentry has actually named his nieces (Minor #1 and Minor #2) as plaintiffs, but this is no matter. A plaintiff cannot bring suit on behalf of other plaintiffs because he is proceeding pro se, and pro se parties may only represent themselves. *Hernandez v. City of Chicago*, No. 10 C 7544, 2011 WL 149455, at *2 (N.D. Ill. Jan. 14, 2011) (citing 28 U.S.C. § 1654; *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir.

2

2008)). This is true even if a pro se party tries to represent minors or his own child. *See Navin v. Park Ridge Sch. Dist. 64*, 270 F.3d 1147, 1149 (7th Cir. 2001) ("[pro se plaintiff] was free to represent himself, but as a non-lawyer he has no authority to appear as [a minor's] legal representative.").

Consequently, the instant refiling as a new case is barred by res judicata. *See Gleash v. Yuswak*, 308 F.3d 758, 760 (7th Cir. 2002) (finding "[plaintiff's] first suit was over, and a renewal may be dismissed [in a screening order] on the ground of claim preclusion (res judicata) . . . ."); *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002) (although res judicata is an affirmative defense that generally must be raised by the defendant, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit.").

The motion for leave to proceed in forma paupers [DE 2] is DENIED and this case is DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(i) for filing a frivolous suit barred by res judicata.

SO ORDERED.

ENTERED: December 19, 2019.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT

3